LAW OFFICES OF STEVEN A. SERNA LLC
5300 Bergenline Avenue, Suite 300
West New York, New Jersey 07093
Telephone Number (201) 392-0303
Telecopier Number (201) 392-0323
By: Steven A. Serna, Esq.
Attorney for Debtor
Email: BK@Sernaesq.com

|  |  |
|---|---|
| In re:<br><br>ROSA M. LOPEZ,<br><br>                  Debtor. | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>NEWARK VICINAGE<br><br>Chapter 7<br><br>Case No.: 19-12239 RG<br><br>**CERTIFICATION IN SUPPORT OF MOTION TO CONVERT CASE TO CHAPTER 13**<br><br>**HEARING DATE: 6/10/2019 at 10:00A.M.** |

I, Rosa M. Lopez, hereby certify as follows:

1. I am the Debtor in the above-captioned case and I am fully familiar with this matter. I make this Certification in Support of the Motion to Convert my Chapter 7 case to a Chapter 13 case.

2. I filed for Chapter 7 relief on February 1, 2019 primarily because I lost my job of the past 12 years with BioReference Laboratories in August 2018. My former employer paid me a 22-week severance package which ended on January 31, 2019. I knew what I was not going to be able to pay my ongoing debts.

3. I own two residential 2-family properties in New Jersey which were properly disclosed in my bankruptcy petition and schedules. My primary home is located at 9 Joseph Street in Little Ferry (the "Joseph Property") and my second home is located at 330 President Street in Saddle Brook (the "President Property"). I own 50% of the

Joseph Property with my brother, Jorge Tovar, and I own 50% of the President Property with my husband, Santiago Lopez.

4. Pursuant to the Comparative Market Analysis reports prepared by Ms. Monserrat Moran of Century 21 Gentry Realtors, the Joseph Property and the President Property returned approximate fair market values of $280,000.00 and $302,500.00, respectively. My bankruptcy attorney, Steven A. Serna, Esq., advised me that per these values a potential sale of the properties would generate little to no equity to my creditors.

5. I attended the 341 Meeting of Creditors on March 1, 2019 where the Chapter 7 Trustee, Jay L. Lubetkin, Esq., reviewed my petition and schedules and stated he had no further inquiry and that his examination would be closed out. To my surprise several weeks later I received a call from a real estate management company stating that the Trustee wished to sell the President Property.

6. The sale of the President Property would result in an undue hardship for my entire family. I separated from my husband in 2011 and part of our verbal separation agreement was for our two daughters and me to move to the Joseph Property while he maintained the mortgage payments there and that I would maintain the payments for the President Property. Currently the President Property is occupied by Mr. Stephen Cevallos, my paralyzed nephew (who also filed for Chapter 7 relief in 2010) in the first floor apartment, and Ms. Zenia Navas, my daughter in the second floor apartment. The President Property has been renovated to provide for the handicap access to my nephew which was partially funded by the Township of Saddle Brook. My family occupants contribute with monthly rents totaling $1,800.00 which assist me in making the necessary mortgage payments and carrying costs.

7. I continue to reside in the Joseph Property with my daughters, one of which is also disabled with brain damage and bipolar disorder in the first floor apartment. I rent out the second floor apartment to a tenant who pays a monthly rent of $1,150.00 which assists my husband with making the mortgage payments and carrying costs.

8.	If the Chapter 7 Trustee sells the President Property then it would force my family in the President Property to move into my home where I do not have handicap access for my nephew or enough room for his two large Pitbull dogs and it would frustrate my separation agreement with my husband.

9.	I also believe the Trustee's real estate valuation of $425,000.00 is excessive as the President Property is not in very good condition due to a lot of wheelchair caused damages, it has not been updated since we bought it and the market would likely only result in a sales price of $385,000.00.

10.	I therefore believe that is more beneficial for me to pay any excess equity to be properly determined by a qualified appraisal report which I will obtain promptly into an affordable Chapter 13 case from a period between 3 to 5 years to pay my creditors over time then to force the sale of my home to displace my family only to pay the creditors sooner rather than later.

WHEREFORE, it is respectfully requested that this Court allow my Motion to Convert Case to Chapter 13.

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 14, 2019                             By:  /s/ Rosa M. Lopez
                                                Rosa M. Lopez
                                                Debtor